Mark H. Eisner, Respondent, v. Julius H. Eisner, Individually and as Executor and Trustee, etc., of Eliza Eisner, Deceased, Appellant, Impleaded with Others.

*Motion to compel a pleading to be made more definite and certain — when denied.*

In an action brought for the partition of a joint life estate in certain real property and for an adjudication that the plaintiff was the owner of a lien thereon and for the partition and sale, or other judicial disposition of a joint life estate in certain personal property, the plaintiff claimed under the will of his mother and set forth in his complaint a statement of what might be regarded as his summary of the provisions of such will and his construction thereof. He also alleged that the defendants were all the parties in being who were in any way interested in said estate.

One of the defendants answering, admitted the provisions of the will creating the joint life estate in the real property as alleged, and then denied that the defendants named were the only persons in being interested, and averred that there was a defect of parties defendant in that there had not been joined as

defendants certain grandchildren of the decedent, who were alleged to have contingent interests as remaindermen in said property.

Upon a motion made by the plaintiff to compel such defendant to make his answer more definite and certain by alleging, in the words of the will, the part or portion which contained the devise, under or by reason of a contingent interest in which it was claimed that such grandchildren were necessary parties, also by numbering and separately stating in specific and unequivocal language what parts or portions of the allegations of the answer were intended to be set up as distinct defenses to the action,

*Held,* that it would be unreasonable for the plaintiff, who had not himself set forth the will in full nor given the provisions thereof verbatim, to insist that the defendant, who followed his example by setting forth what he considered to be a summary of these provisions and a construction thereof, should, by way of answer, be compelled to do more than the plaintiff did in stating his cause of action;

That as the suit was an equitable one and the complaint itself was to be treated as an entirety, the answer which, without asking for affirmative relief, was directed to a denial of the allegation that all the necessary parties were made defendants, and to a statement of the reasons (based upon a construction of the provision of the will of the testatrix) which in such defendant's view precluded a partition or sale, should also be treated as an entirety;

That there were no distinct defenses which should have been separately stated or numbered.

APPEAL by the defendant, Julius H. Eisner, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of July, 1895, directing that said defendant make his answer more definite and certain.

*Wright Holcomb,* for the appellant.

*George W. Carr,* for the respondent.

PER CURIAM:

This action is brought, *first,* for a partition of a joint life estate in certain real property and for an adjudication that the plaintiff is entitled to a lien thereon ; and, *second,* for the partition and sale, or other judicial disposition, of a joint life estate in certain personal property. Interests in these properties are claimed by the plaintiff under the will of his mother, and while the will is not set forth nor made a part of the complaint, there is set forth a statement of what may be regarded as plaintiff's summary of the pro-

visions of such will and his construction thereof; and in addition to the pleading of other matters necessary and appropriate to complete the cause of action for the partition of the real property, there is an allegation that the defendants are all the parties in being who are now in any way interested in said real property. The complaint in respect to the second cause of action, relating to the personal property, contains similar allegations as to the rights derived by plaintiff under his mother's will, the extent of his interest therein, and a statement of the persons whom he regards as having under such will an interest in such property.

The defendant Julius H. Eisner admits the provision of the will creating the joint life estate in the real property as alleged, and then denies that the defendants named are the only persons in being, interested, and avers that there is a defect of parties defendant in that there have not been joined as defendants certain grandchildren of the deceased, all of whose names are given, and all of whom are in being, and who it is alleged have contingent interests as remaindermen in undivided shares of said property.

Plaintiff moved to compel the defendant Julius H. Eisner, both individually and as executor, etc., to make his answer more definite and certain, *first*, by alleging in the words of the will the part or portion which contains the devise under and by reason of a contingent interest in which it is claimed that such grandchildren are necessary parties; and, *second*, by numbering and separately stating in specific and unequivocal language what parts or portions of the allegations of said answer are intended to be set up as distinct defenses to this action.

The first ground, it seems to us unreasonable for the plaintiff, who has not himself set forth the will in full nor given the provisions thereof *verbatim*, to insist that the defendant here, who followed his example by setting forth what he considered to be a summary of its provisions and a construction thereof, should by way of answer be compelled to do more than the plaintiff did in stating his cause of action.

As to the second ground, as we fail to find any distinct defenses, it would be difficult to comply with the plaintiff's request that defendant should state what allegations are intended to be set up as distinct defenses. This is a suit in equity, and as the complaint

itself is to be treated as an entirety, so should this answer, which, without asking any affirmative relief, is directed to a denial of the allegation that all the necessary parties are made defendants, and to a statement of reasons based upon a construction of the provisions of the testatrix's will which, in defendant's view, preclude a partition or sale. We think, therefore, there were no distinct defenses requiring to be separately stated or numbered, and that the order making such a direction was improperly granted.

That such an order is appealable has been many times held by this court. It should accordingly be reversed, with ten dollars costs and disbursements, and the motion should be denied, with ten dollars costs.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.